UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NATHANIEL JEANPIERRE, III** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-4393** |
| **CUSTODIAN** | **SECTION "N"(1)** |

### REPORT AND RECOMMENDATION

This lawsuit is one of the eight civil actions plaintiff, Nathaniel Jeanpierre, III, a state inmate, has filed within the past two months.[1] In the instant complaint, plaintiff is claiming that he is suffering from massive allergy attacks caused by exposure to dust in the jail. He has sued his unidentified custodian.

A Spears hearing was held in this matter on December 21, 2010.[2] At that hearing, plaintiff stated that there is dust everywhere, and it is causing him sinus problems and irritated eyes.

---

[1] See also Jeanpierre v. Custodian, Civ. Action No. 10-4391 "A"(1) (complaining that he contracted the flu after being denied a sweater); Jeanpierre v. Gusman, Civil Action No. 10-4395 "R"(3) (wrongful death action); Jeanpierre v. Gusman, Civil Action No. 10-4396 "D"(5) (complaining that he is being exposed to poisonous chemicals in the shower, exposed to secondhand smoke, and denied yard call); Jeanpierre v. Custodian, Civil Action No. 10-4414 "F"(1) (complaining that his legal mail was opened); Jeanpierre v. Gusman, Civil Action No. 10-4529 "B"(4) (complaining that he drank possibly contaminated water); Jeanpierre v. Custodian, Civil Action No. 10-4532 "I"(1) (complaining that he is having breathing problems caused by exposure to asbestos tiles); Jeanpierre v. Custodian, Civ. Action No.10-4533 "B"(1) (complaining that he is suffering from staph infections and bad dreams as a result of exposure to rusty metal).

[2] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint and Spears hearing testimony,[1] the Court nevertheless finds that, for the following reasons, the complaint should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

As a preliminary matter, the Court notes that plaintiff named as the sole defendant the "custodian (warden, superintendent, jailor, or authorized person having custody of applicant)." That is improper, because a §1983 action must be filed against an actual identified person. Francis v. Terrebonne Parish Sheriff's Office, Civ. Action No. 08-4972, 2009 WL 4730707, at *3 (E.D. La. Dec. 9, 2009); August v. Gusman, Civ. Action No. 06-3962, 2008 WL 466202, at *7 (E.D. La. Feb.

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

3

13, 2008); Staritz v. Valdez, No. 3-06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); Banks v. United States, Civ. Action No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007); Vollmer v. Bowles, Civ. Action No. 3:96-CV-0081, 1997 WL 102476, at *2 (N.D. Tex. Feb. 28, 1997). However, because Sheriff Gusman has filed an answer in this case and tacitly identified himself as plaintiff's custodian,[2] the Court will accept that concession as true for the purposes of this decision. Nevertheless, plaintiff has not stated a proper claim against Sheriff Gusman in either his individual capacity or his official capacity for the following reasons.

"Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Additionally, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Here, plaintiff makes no allegations whatsoever against Sheriff Gusman, and, most importantly, he does not allege that Sheriff Gusman was personally aware the allegedly dusty conditions at the jail, involved in plaintiff's exposure to those conditions, or aware of plaintiff's purported reaction to the dust. Moreover, it is clear that Sheriff Gusman cannot be held liable under

---

[2] Rec. Doc. 5.

any theory of strict liability[3] or vicarious liability[4] for federal civil rights violations allegedly committed by a subordinate.

Plaintiff has likewise failed to state a proper official-capacity claim against Sheriff Gusman. "Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, an official-capacity claim against Sheriff Gusman would in reality be a claim against the local governmental body itself. Glasper v. Guzman, Civ. Action No. 06-2040, 2009 WL 1507568, at *6 (E.D. La. May 27, 2009); Stewart v. Criminal District Court of Louisiana, Civ. Action No. 08-3731, 2008 WL 4758610, at *3 (E.D. La. Oct. 30, 2008). However, the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

---

[3] Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984) ("[T]here is no concept of supervisor strict liability under section 1983."); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *5 (E.D. La. Aug. 1, 2007).

[4] Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability."); Evans, 2008 WL 2223281, at *2.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3. In the instant case, plaintiff does not allege that his constitutional rights were violated as a result of a policy or custom, much less identify such a policy or custom, and, therefore, no official-capacity claim has been properly stated.[5]

---

[5]  This Court further notes that United States District Judge Helen G. Berrigan, adopting the recommendation of Chief Magistrate Judge Alma Chasez, dismissed a similar claim against Sheriff Gusman on the ground that no individual-capacity or official-capacity claim had been properly stated against him. In that case, the Court noted:

> *Respondeat superior* is not a legal theory under which liability can be visited on Orleans Parish Criminal Sheriff Marlin Gusman. Plaintiff does not contend and there is no evidence to suggest that Criminal Sheriff Gusman was personally involved or played a role in not properly cleaning the air conditioning vents, not maintaining a "dust free" environment, and not ensuring that plaintiff received adequate medical care in connection with his alleged "breathing problems". Nor does plaintiff contend that the pertinent medical care, or lack thereof, and/or the intolerable living conditions, were in accordance with an unconstitutional policy promulgated by Sheriff Gusman or was the result of Gusman's gross negligence in failing to properly supervise employees working in Orleans Parish Prison.

Doris v. Gusman, Civ. Action No. 08-4176, 2008 WL 4810547, at *2 (E.D. La. Oct. 27, 2008) (citation omitted). As noted, the same is also true in the instant case.

Out of an abundance of caution, the Court additionally notes that even if plaintiff had named a proper defendant, which he has not, he has failed to state a nonfrivolous claim. Clearly, there is a point beyond which a prison cell's conditions are so filthy and unsanitary as to render them unconstitutional. See, e.g., Gates v. Cook, 376 F.3d 323, 338 (5th Cir. 2004) (confinement in "'extremely filthy' [cells] with crusted fecal matter, urine, dried ejaculate, peeling and chipping paint, and old food particles on the walls" was unconstitutional). The presence of dust, however, simply does not rise to that level. Cummings v. Gusman, Civil Action No. 09-144, 2009 WL 1649737, at *3 n. 11 (E.D. La. June 9, 2009); see also LeBlanc v. Gusman, Civ. Action No. 09-2786, 2010 WL 148290, at *3 (E.D. La. Jan. 12, 2010); McAllister v. Strain, No. 09-2823, 2009 WL 5178316, at *3 (E.D. La. Dec. 23, 2009). The fact that a prisoner's cell is unpleasant or less sanitary than he would wish for his home does not make his claim actionable. Cummings, 2009 WL 1649737, at *3 n. 11; see also McAllister, 2009 WL 5178316, at *3 ("The Constitution does not require that prisons be completely sanitized or as clean or free from potential hazards as one's home might be. A minor sanitation restriction or problem, although admittedly unpleasant, does not amount to a constitutional violation." (citations omitted)); Talib v. Gilley, 138 F.3d 211, 215 (5th Cir. 1998) ("[T]he Constitution does not mandate prisons with comfortable surroundings or commodious conditions.").

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for otherwise failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[6]

New Orleans, Louisiana, this tenth day of January, 2011.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[6]  Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

8